UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSE COOKS MEYERS, individually and as next friend of JANELL L. MEYERS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-05-1087 |
| LA PORTE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19). For the reasons set forth below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Jannell Meyers is a former student of La Porte ISD ("La Porte" or "the District"). She attended La Porte High School from 2000 to 2004, and played on one of the District's softball teams during all four of her academic years there. The teams were supervised by head coach Ricky Moore and assistant coach James Gammon during Meyers's participation.

During the 2000-2001, 2001-2002, and 2002-2003 academic school years, Meyers played on La Porte's junior varsity softball team. During the 2003-2004 school year, Meyers played on the varsity team. Meyers and her family contend that, because she is African-American, her coaches and the school denied her the opportunity to participate on the varsity softball team and to perform at the level at which she was capable during all four years of her high school career. This treatment allegedly prevented her from generating playing statistics that would have led colleges and universities to consider her

for athletic scholarships.

The District contends that Meyers was not promoted to the varsity team until her fourth softball season because of her inferior playing statistics, rather than her race.

Meyers's mother ("Plaintiff") filed suit against the District individually and as Jannell Meyers's next friend. She brings a § 1983 claim alleging that the District violated the Equal Protection Clause, a § 1981 claim, a Title IX claim, and has also alleged state law tort claims of intentional infliction of emotional distress and negligent hiring, retention, and supervision of employees. The District has moved for summary judgment on all of these claims.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

## III. SECTION 1983 CLAIM

Plaintiff asserts a § 1983 claim against the District for its alleged violation of the

Equal Protection Clause. She contends that the softball coaches treated Meyers disparately because of her race. Even if this were true, however, Plaintiff has not provided evidence of any of the elements necessary to establish municipal liability under § 1983.

It is well established that a municipality cannot be held vicariously liable for the actions of its employees. *See, e.g., Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992) ("A municipality, of course, can act only through its human agents, but it is not vicariously liable under § 1983."). Section 1983 liability can be imposed only when the governmental entity has officially adopted an unconstitutional policy or acquiesced in an unconstitutional custom. *See Monell v. New York Dept. of Social Service*, 436 U.S. 658, 690-91 (1978).

Under Texas law, the final policymaking authority for a school district is the district's board of trustees. *See* Tex. Educ. Code §§ 11.051, 11.151; *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 739, 752 (5th Cir. 1993). Thus, to survive summary judgment, Plaintiff must produce evidence that the District's Board of Trustees actually adopted an unconstitutional policy or acquiesced in an unconstitutional custom of treating African-American student athletes disparately. This, Plaintiff has failed to do.

The bulk of Plaintiff's response to the summary judgment motion recounts an affidavit by one of Meyers's fellow softball players that states that Meyers was not given the opportunity to perform at the level at which she was capable. Meyers's teammate concludes that this treatment must have stemmed from racial discrimination because the coaches were white while Meyers was African American. The teammate also has a vague recollection of a comment by the coaches to the effect that Meyers would only go to a

school like Prairie View or Texas Southern University, historically African-American colleges. Even viewing these allegations as true and stretching them to conclude that Meyers's coaches did in fact discriminate against her on the basis of race, Plaintiff has still failed to produce any evidence of the necessary elements of a § 1983 claim. Plaintiff does not identify any policy adopted by the District's Board of Trustees that mandated racial discrimination in athletics or deprived Meyers of the opportunity to compete at the appropriate level. Plaintiff does not identify any widespread custom of racial discrimination in student athletics that the District's Board of Trustees was made aware of and acquiesced in. In short, Plaintiff does not attribute any of her constitutional complaints to a policy or custom adopted by the final policymaking authority of the District. Thus, the District's motion for summary judgment on Plaintiff's § 1983 claim must be **GRANTED**.

## IV. SECTION 1981 CLAIM

Plaintiff also asserts a § 1981 claim against the District, alleging that its discriminatory treatment of Meyers interfered with her ability to compete for and obtain athletic scholarships at colleges and universities to the same extent as white athletes. Section 1981 ensures that all persons in the United States shall have the same contractual rights as white citizens. *See* 42 U.S.C. § 1981; *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997). However, § 1981 itself does not provide an independent cause of action against municipalities. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 462-63 (5th Cir. 2001) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)). In order to remedy violations of § 1981 by local governmental entities, a plaintiff must assert a cause of action under § 1983. *Id.* Because Plaintiff has brought her claim under § 1981 directly

rather than through the vehicle of § 1983, the District's motion for summary judgment on Plaintiff's § 1981 claim is **GRANTED**.

Even if Plaintiff had pled her § 1981 claim correctly, summary judgment would still be warranted because the claim is substantively defective. To prevail on a claim under § 1981, a plaintiff must show the loss of an *actual* contract interest, not one that is speculative or prospective. *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 751-52 (5th Cir. 2001); *see also Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989) (affirming dismissal of a § 1981 claim when the plaintiff alleged only "possible loss of future opportunities"). Here, Plaintiff contends that if Meyers had played in more varsity softball games, she perhaps would have been scouted by more college and university coaches, who would then perhaps have offered her additional athletic scholarships. Even if these allegations were true, the scholarships that Meyers may have lost out on are not *actual* contracts, but merely speculative or prospective ones. Alleged interference with such speculative contracts cannot form the basis of a § 1981 claim. Thus, even if Plaintiff had properly asserted her § 1981 claim against the District, summary judgment for the District would be appropriate.

## V. TITLE IX CLAIM

In her original Complaint, Plaintiff asserts a Title IX claim against the District. Subsequently, Plaintiff reportedly informed the District that she would be dropping this claim, but it has not been formally dismissed as of yet. Plaintiff does not address the Title IX claim in her response to the District's motion for summary judgment. However, because Title IX prohibits discrimination on the basis of sex in athletic programs, *see* 20 U.S.C. § 1681(a); 34 C.F.R. § 106.41, and because Plaintiff has not alleged any facts that

could constitute gender discrimination, the District's motion for summary judgment on Plaintiff's Title IX claim is **GRANTED**.

## VI. STATE LAW TORT CLAIMS

In addition, in her original Complaint, Plaintiff asserts several state law tort claims against the District. Plaintiff reportedly informed the District that she would be dropping these claims as well, but as yet has not formally done so. Again, Plaintiff does not address the state law tort claims in her response to the District's motion for summary judgment. Nonetheless, it is well settled that, under the doctrine of state sovereign immunity, Texas school districts may not be held liable for money damages stemming from tort claims absent an express legislative waiver of sovereign immunity. *See, e.g., Dallas County Mental Health & Mental Retardation Auth. v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Thus, the District's motion for summary judgment on Plaintiff's claims of intentional infliction of emotional distress and negligent hiring, retention, and supervision must be **GRANTED**.

## VII. CONCLUSION

The District's motion for summary judgment on all of Plaintiff's claims is **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 25th day of April, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

to insure proper notice, each party who receives this order shall

forward a copy of it to every other party and affected non-party even though they may have been sent one by the court